Colcock, J.
delivered the opinion of the Court.
This action, which was tried before me at , . Charleston, in May 1 erm, 1814, was brought to recover 161 dollars 52 cents, for goods sold, and . _ also for 407. dollars 50 cents, paid to defendants on a consideration which had failed. The sale of . the goods was clearly and satisfactorily proven,t0 The plaintiff then proved that he had bought of the defendants, two wooden shops on a leased lot or lots in King-street, and taken an assignment of defendants’ lease, which he said was two years to run, and this was expressed in the assignment, The plaintiff was to pay the ground rent of 350 dollars per annum to the landlord. This purchase was on 4th December, 1810, and the date of the lease assigned appeared to be 1807. The lease was for five years. In 1811, Mr. Baring (the agent of Pendergrass, who was the owner of the lots) called on the plaintiff, and told him his time was out, and produced a paper signed by defendants, dated in December, 1806, which was a covenant to pay to him the sum of350 dollars per annum for these lots for five years. Baring was sworn, and stated that the paper which he produced bore the true date, and that the one which plaintiff had received from defendants had been altered in the date from 1806 to 1807; and this fact was also sworn to by Mrs. Baring, and indeed is apparent *468 on the face of the paper, upon the adduction of the part of the agreement which Baring had ^gpj- The plaintiff! Lacoste, had taken a new -1 * . _ lease from Baring, to commence trom December, 1811, which was the time at which the lease to defendants expired, accórding to Baring's paper and testimony. On the part of the defendants, was first produced a receipt, dated 15th December, 1810, for a large sum, by bills which it was contended would bar the recovery of the account for goods, being of a date subsequent to that demand ; as it would be presumed that account was included, unless the plaintiff proved the contrary ; which he did not, except by contending that on the face of the receipt it appeared to be given for bills of exchange, and not bills of parcels. Next was produced, on part of defendants, a bill of sale, from D. L'Homaca to him, of these houses, dated 20th February, 1808. He had occupied these premises just before the defendants. And Hattier, a witness produced by defendants, says, that L'Homaca moved out after the date of 1807, and that defendants went in directly after L'Homaca moved out. From this it was contended that the true date of defendants’ lease was December, 1807; for here was his bill of sale for the house, dated in February, 1808, which is only two months after December, 1807; and shows that that must have been the time when he leased it, because it was. the time when he bought the houses which were on the lots. To this was op *469 posed the evidence of Baring and his wife, and the paper itself; also the testimony of Baring, “ that L’Homaca's term had expired in 1806, when he leased to Flotaráand that of Laurens, who" says, he does not believe that L'Homaca was here in 1808 or 1809; and Baling swears he was not here in 1806; and Mrs. Baring swears that she received from Flotará the first quarter in 1807, and the other throughout that year.
Laurens also proved that a lease for the year, and the houses, would be worth about 400 dollars, that is, at that rate if for two years; but if only for one, he would not have given 250 dollars — > the buildings were not worth 25 dollars.
It was contended on the part of defendants, that if the lease had but one year to run, that still the plaintiff was not entitled to recover; for his purchase of defendants was the houses alone, and that plaintiff had not been disturbed in the possession of them.
It is clear that the' lease was made by Baring, in 1806, and not in 1807. The alteration in the date is manifest on the face of the paper, and is sworn to by Baring and his wife, who also prove it by the adduction of their part of the agreement, dated in 1806. The date of L’Homaca's bill of sale must be incorrect, either by accidentar intention. Delelaná is the witness to all the papers, and proves their execution; but a witness does not always read the date of a (paper which he subscribes. I fear it was an intentional fraud, but *470 it may not have been such. The defendants may have agreed with UHomaca in 1806, to buy the houses, and the agreement may have been per- - fected in 1808; and there is nothing in this which would contradict the lease from Baring in 1806. The fact being determined that the lease had but one year to run, it is then to be determined whether the plaintiff can recover. The action is to recover back money paid, on the failure of consideration. If the contract is to be confined to the houses alone,- and the Jury thought the receipt discharged the account, the plaintiff oüght not to recover; but I do not think that a correct view of the case. It is true that in the contract the houses were valued at 865 dollars; but it is impossible to suppose that the houses, unconnected with the land, was the consideration with the plaintiff. This is clear from the testimony of Laurens, as I understand it. He says, in fact, that the houses, and the enjoyment of the lease for two years, were worth the money the plaintiff gave; but if to be occupied with the land for only one year, he would not give more than 250 dollars; and that the houses, separated from the land, were not worth more than 25 dollars. And I think this perfectly rational; for although he was to pay the landlord the ground rent, yet the whole, taken together, may have been a good bargain; and both were obtained from defendants at the same time. In this view *471 of the case, the consideration has failed in part; , , T 2 7 and the Jury were the best judges of the sum which should be deducted. I am against the motion,
Prioleau, for the motion.
Cogdell and Richardson, contra.
The other Judges concurred.